Cynthia TAYLOR  *v.*  Regan L. PAYNE

CA 05-1043                                    235 S.W.3d 533

Court of Appeals of Arkansas
Opinion delivered May 10, 2006

*Hancock & Lane, P.A.*, by: *C. Daniel Hancock*, for appellant.

*Stuart Law Firm, P.A.*, by: *Ginger Stuart Schafer* and *J. Michael Stuart*, for appellee.

DAVID M. GLOVER, Judge. Appellant, Cynthia (Payne) Taylor, and appellee, Regan Payne, were divorced by decree entered on February 23, 1989. Appellant was awarded custody of the parties' minor child, Derek, whose date of birth was March 5, 1987. Appellee was ordered to pay $300 a month in child support. In February 2004, Derek began living with appellee. On August 18, 2004, appellee filed, *inter alia*, a motion for change of custody. Hearings were held on October 5, 2004, and April 13, 2005. The trial court concluded that appellant was estopped from collecting child support from appellee beginning with the date that Derek started living with appellee until he turned eighteen on March 5, 2005. For her sole point of appeal appellant contends that the trial court erred by applying the doctrine of equitable estoppel to the child-support arrearages. Finding no error, we affirm.

A trial court's ruling on child-support issues is reviewed *de novo* by this court, and the trial court's findings are not disturbed unless they are clearly against the preponderance of the evidence. *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We give due deference to the superior position of the trial court to view and judge the credibility of the witnesses. *Id.*

Once a child-support payment falls due, it becomes vested and a debt due the payee. *Id.* However, enforcement of child-support judgments is treated the same as enforcement of other judgments, and a child-support judgment is subject to the equitable defenses that apply to all other judgments. *Id.* If the obligor presents to the court or administrative authority a basis for an equitable-estoppel defense, there may be circumstances under which the court or administrative authority will decline to permit enforcement of the child-support judgment. *Id.*

Here, in February 2004, the parties' son, Derek, ran away from appellant's home. She reported him missing, and the Cabot Police Department eventually picked him up. When the police contacted appellant to pick Derek up, however, by her own

admission she did not do so. Shortly thereafter, Derek began living with appellee. On August 18, 2004, appellee filed a motion for change of custody, among other requested relief that is not pertinent to this appeal. On that same date, the trial court, in pertinent part, entered an *ex parte* order noticing the parties for a hearing on October 5, 2004, to address custody, child support, and related issues.

A brief hearing was held on October 5, 2004. During that hearing the trial court acknowledged that there was not enough time to decide the major issues but that he was trying to do what he could within the time frame with which they had to work. The parties stipulated that Derek had lived continuously with appellee from about February 24, 2004. The trial court implemented a "status quo" order for the child to remain with appellee until another hearing could be held on the change of custody issue. In addition, the court concluded that the doctrine of equitable estoppel was applicable to the situation with respect to appellee's child-support obligations to appellant. The order from this hearing was entered on October 13, 2004.

On April 13, 2005, a hearing was held on appellee's motion for change of custody and for child support. By the time of this hearing, Derek had turned eighteen. It was agreed and the court stated that a "narrow window" of time was involved concerning child support: "We're talking about from February 24, 2004, until the child reached the age of 18. That's the window we're talking about." By order entered April 25, 2005, the trial court concluded that appellant was obligated to pay child support for the period February 24, 2004 to March 5, 2005, and that the amount of support she owed for that period was $6,540. The order specifically denied appellant's request to assess child support from August 18, 2004, when the motion for change of custody was filed.

Appellant appeals from the October 13, 2004 and April 25, 2005 orders. She essentially argues that the "record in the instant case is void of any action by [her] that would have led Mr. Payne to believe that support payments were no longer expected or required; but instead, Mr. Payne knew full well his obligation to seek a change of custody and support if circumstances warranted" and "[b]ecause none of the elements of equitable estoppel are present in the instant case, . . . the trial court was erroneous in its application."

The elements of equitable estoppel are (1) the party to be estopped must know the facts; (2) the party must intend that its

conduct shall be acted on or must so act that the party asserting estoppel had a right to believe the other party so intended; (3) the party asserting estoppel must be ignorant of the facts; and (4) the party asserting estoppel must rely on the other party's conduct to his detriment. *Chitwood, supra.*

### (1)  the party to be estopped must know the facts

■ There is really no question that appellant, as the party to be estopped, "knew the facts." She filed the missing-person report with the Cabot police, yet when they found her son and called her to come retrieve him, she did not do so. Appellee testified that he and the police spoke with appellant on the speaker phone; that she said she would get Derek "x-number" of days after appellee took him to a friend's house; that she never went to get Derek; and that appellee picked Derek up after five days and "that's when he came to live with me." Appellant knew that Derek was living with appellee. Appellant also knew that she had been awarded custody of Derek; that Derek was an unemancipated minor; that appellee would pick him up if she did not do so; that appellee provided support for Derek during the period in question; and that appellant was providing no support to appellee for Derek during that time frame. We hold that this first element of estoppel was satisfied.

### (2)  the party must intend that its conduct shall be acted on or must so act that the party asserting estoppel had a right to believe the other party so intended

■ This element was satisfied because appellant, by her conduct, failed to retrieve Derek, and she clearly knew that appellee would pick Derek up and care for him, which appellee in fact did.

### (3)  the party asserting estoppel must be ignorant of the facts

Here, the party asserting estoppel is appellee, and under this element he must be ignorant of the facts. We hold that he was. Appellee did not know when, or if, appellant would retrieve Derek from his home; in the past Derek had been sent to live with appellee only to return to appellant a short time later; and appellant provided no support to appellee for Derek during the period that Derek lived with appellee. In addition, appellee stated that he did

not have the money to get an attorney to petition to change custody. In short, it was impossible for appellee to know if appellant was going to come and retrieve Derek after a short stay as she had done in the past, and it was an expensive undertaking to file a motion for change of custody only to have Derek return to appellant after a short stay.

*(4) the party asserting estoppel must rely on the other party's conduct to his detriment*

■ The fourth and final element was satisfied by the fact that appellee reacted to appellant's essential abandonment of Derek after he was located by the Cabot police, and appellee stepped in to provide room and board and other support directly to Derek, with no support from appellant.

Affirmed.

BIRD and CRABTREE, JJ., agree.